AMY JANE LONGO Cal. Bar No. 198304
Email: longoa@sec.gov
DAVID M. ROSEN Cal. Bar No. _150880
Email: rosend@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
John W. Berry, Regional Trial Counsel
444 South Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      vs.<br><br>PLCMGMT LLC, dba PROMETHEUS LAW, JAMES A. CATIPAY, and DAVID A. ALDRICH,<br><br>            Defendants. | Case No.  2:16-cv-02594-TJH-FFM<br><br>**STIPULATION TO PRELIMINARY INJUNCTION, ORDER APPOINTING PERMANENT RECEIVER AND FREEZING ASSETS, AND RELATED ORDERS AGAINST DEFENDANTS PLCMGMT LLC, dba PROMETHEUS LAW, JAMES A. CATIPAY** |

1      WHEREAS, plaintiff Securities and Exchange Commission ("SEC") filed this
2 action against Defendants PLCMGMT LLC dba Prometheus Law ("Prometheus"),
3 James A. Catipay and David A. Aldrich; and
4      WHEREAS, Defendants Prometheus and Catipay have agreed to stipulate to
5 the entry of a preliminary injunction, appointment of a permanent receiver, asset
6 freeze, and other provisions;
7      NOW THEREFORE, THE PARTIES STIPULATE to the following language
8 for a preliminary injunction, appointment of a permanent receiver, and other
9 provisions:

**I.**

11      IT IS ORDERED that Defendants Prometheus and Catipay, and their officers,
12 agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons
13 in active concert or participation with any of them who receive actual notice of this
14 Order, by personal service or otherwise, and each of them, be and hereby are
15 preliminarily restrained and enjoined from, directly or indirectly, in the absence of
16 any applicable exemption:

17     A.   unless a registration statement is in effect as to a security, making use of
18         any means or instruments of transportation or communication in
19         interstate commerce or of the mails to sell such security through the use
20         or medium of any prospectus or otherwise;

21     B.   unless a registration statement is in effect as to a security, carrying or
22         causing to be carried through the mails or in interstate commerce, by any
23         means or instruments of transportation, any such security for the purpose
24         of sale or for delivery after sale; or

25     C.   making use of any means or instruments of transportation or
26         communication in interstate commerce or of the mails to offer to sell or
27         offer to buy through the use or medium of any prospectus or otherwise
28         any security, unless a registration statement has been filed with the SEC

as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

## II.

IT IS FURTHER ORDERED that Defendants Prometheus and Catipay, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

IT IS FURTHER ORDERED that Defendants Prometheus and Catipay, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or

1 instrumentality of interstate commerce, or of the mails, or of any facility of any
2 national securities exchange:
3     A.     employing any device, scheme or artifice to defraud;
4     B.     making any untrue statement of a material fact or omitting to state a
5         material fact necessary in order to make the statements made, in the light
6         of the circumstances under which they were made, not misleading; or
7     C.     engaging in any act, practice, or course of business which operates or
8         would operate as a fraud or deceit upon any person;
9 in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5
10 thereunder, 17 C.F.R. § 240.10b-5.

## IV.

12     IT IS FURTHER ORDERED that, except as otherwise ordered by this Court,
13 Defendants Prometheus and Catipay, and their officers, agents, servants, employees,
14 attorneys, subsidiaries and affiliate, and those persons in active concert with them,
15 who receive actual notice of this Order, by personal service or otherwise, and each of
16 them, be and hereby are preliminarily restrained and enjoined from, directly or
17 indirectly, transferring, assigning, selling, hypothecating, changing, wasting,
18 dissipating, converting, concealing, encumbering, or otherwise disposing of, in any
19 manner, any funds, assets, securities, claims or other real or personal property,
20 including any notes or deeds of trust or other interest in real property, wherever
21 located, of any one of Defendants Prometheus and Catipay, or their subsidiaries or
22 affiliates, owned by, controlled by, managed by or in the possession or custody of any
23 of them and from transferring, encumbering dissipating, incurring charges or cash
24 advances on any debit or credit card of the credit arrangement of any one of the
25 Defendants Prometheus and Catipay, or their subsidiaries and affiliates. The real
26 property interests described in this paragraph include the real property located at 1130
27 S. Flower Street, #401, Los Angeles, CA 90015, in which Defendant Catipay holds
28 an interest.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank (including, without limitation, Wells Fargo Bank, N.A.), financial institution or brokerage firm, or Internet or "e-commerce" payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Prometheus and Catipay:

| Bank Name | Account Name | Account Number |
|---|---|---|
| Wells Fargo Bank, N.A. | James Catipay | XXXXXX-5245 |
| Wells Fargo Bank, N.A. | James Catipay | XXXXXX-0980 |
| Wells Fargo Bank, N.A. | James Catipay | XXXXXX-7912 |
| Wells Fargo Bank, N.A. | James Catipay | XXXXXX-0321 |
| Wells Fargo Bank, N.A. | James Catipay | XXXXXX-2133 |
| Wells Fargo Bank, N.A. | James Catipay | XXXXXX-8065 |
| Wells Fargo Bank, N.A. | James Catipay | XXXXXX-9476 |
| Wells Fargo Bank, N.A. | Law Office of James Catipay | XXXXXX-3531 |

| Bank Name | Account Name | Account Number |
|---|---|---|
| Wells Fargo Bank, N.A. | Law Office of James Catipay | XXXXXX-8115 |
| Wells Fargo Bank, N.A. | PLCMGMT LLC (CA) | XXXXXX-8505 |
| Wells Fargo Bank, N.A. | PLCMGMT LLC (CA) | XXXXXX-4489 |
| Wells Fargo Bank, N.A. | PLCMGMT LLC (CA) | XXXXXX-9686 |

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants Prometheus and Catipay, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Prometheus and Catipay.

## VII.

IT IS FURTHER ORDERED that Defendants Prometheus and Catipay, within five days of the issuance of this Order, shall prepare and deliver to the SEC a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts

identified by institution, branch address and account number, as well as all liabilities. The accounting shall include a description of the sources of all such assets and liabilities. Such accounting shall be filed with the Court and a copy shall be delivered to the SEC's Los Angeles Regional Office to the attention of Amy Jane Longo, Trial Counsel. After completion of the accounting, each of Defendants Prometheus and Catipay shall produce to the SEC's Los Angeles Regional Office, at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## VIII.

IT IS FURTHER ORDERED that Thomas McNamara is appointed as a permanent receiver of Defendant Prometheus and its subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendant Prometheus and its subsidiaries and affiliates and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, pledged as collateral, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendant Prometheus and its subsidiaries and affiliates (collectively, the "Assets"), with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such Defendant Prometheus, and that of its subsidiaries and affiliates);

    B.    to assume full control of Defendant Prometheus by removing, as the

7

permanent receiver deems necessary or advisable, any director, officer, attorney, independent contractor, employee, or agent of any of Defendant Prometheus and its subsidiaries and affiliates, including any named Defendant, from control of, management of, or participation in, the affairs of Defendant Prometheus;

C. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any Assets of Defendant Prometheus, and that of its subsidiaries and affiliates, or which maintains accounts over which Defendant Prometheus, and that of its subsidiaries and affiliates, and/or any of its employees or agents have signatory authority;

D. to conduct such investigation and discovery as may be necessary to locate and account for all of the Assets of or managed by Defendant Prometheus, and that of its subsidiaries and affiliates;

E. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any Assets of or managed by Defendant Prometheus, and that of its subsidiaries and affiliates;

F. to choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the permanent receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order, including but not limited to the law firm in which the permanent receiver is a partner;

G. to make an accounting, as soon as practicable, to this Court and the SEC of the Assets and financial condition of Defendant Prometheus, and that of its subsidiaries and affiliates, and to file the accounting with the Court

|    |    |    |
|----|----|----|
| 1  |    | and deliver copies thereof to all parties; |
| 2  | H. | to make such payments and disbursements from the Assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as permanent receiver; |
| 7  | I. | to investigate and, where appropriate, to institute, pursue and prosecute all claims and causes of action of whatever kind and nature that may now or hereafter exist as a result of the activities of present o past employees or agents of Defendant Prometheus, its subsidiaries and affiliates; |
| 12 | J. | to institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts: (i) that the permanent receiver deems necessary and advisable to preserve or recover the Assets of Defendant Prometheus (including those of its subsidiaries and affiliates); or (ii) that the permanent receiver deems necessary and advisable to carry out the permanent receiver's mandate under this Order; and |
| 19 | K. | to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of his or her duties as receiver. |

### IX.

IT IS FURTHER ORDERED that Defendant Prometheus, and that of its subsidiaries and affiliates, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property

to the permanent receiver.

## X.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Defendant Prometheus, and that of its subsidiaries or affiliates, shall take any action or purport to take any action, in the name of or on behalf of Defendant Prometheus, and that of its subsidiaries or affiliates, without the written consent of the permanent receiver or order of this Court.

## XI.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendant Prometheus, and that of its subsidiaries and affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendant Prometheus, and that of its subsidiaries and affiliates; and

    C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or

in the possession of Defendant Prometheus, and that of its subsidiaries and affiliates, or in any way to interfere with or harass the permanent receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## XII.

IT IS FURTHER ORDERED that Defendant Prometheus, and its subsidiaries and affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XIII.

IT IS FURTHER ORDERED that Defendant Prometheus, and that of its subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

## XIV.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the

1 | permanent receiver shall not be liable for any loss or damage incurred by any of the
2 | defendants, their officers, agents, servants, employees and attorneys or any other
3 | person, by reason of any act performed or omitted to be performed by the permanent
4 | receiver in connection with the discharge of his or her duties and responsibilities.

## XV.

6 | IT IS FURTHER ORDERED that representatives of the SEC and any other
7 | government agency are authorized to have continuing access to inspect or copy any
8 | or all of the corporate books and records and other documents of Defendant
9 | Prometheus, and that of its subsidiaries and affiliates, and continuing access to
10 | inspect their funds, property, assets and collateral, wherever located.

## XVI.

12 | IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this
13 | action for the purpose of implementing and carrying out the terms of all orders and
14 | decrees which may be entered herein and to entertain any suitable application or
15 | motion for additional relief within the jurisdiction of this Court.

Dated: April 22nd, 2016

/s/ Amy Jane Longo
Amy Jane Longo
David M. Rosen
Attorneys for Plaintiff
Securities and Exchange Commission

Dated: April 22nd, 2016

/s/ Timothy F. Umbreit
Timothy F. Umbreit
Thomas K. Emmitt
Attorneys for Defendants
PLCMGMT LLC and James A. Catipay

Dated: April 22, 2016            PLCMGMT LLC, a California limited
                                 liability company

                                 By: _____/s/ James A. Catipay_____
                                     James A. Catipay, Managing Member

Dated: April 22, 2016            _____/s/ James A. Catipay_____
                                 James A. Catipay

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

    U.S. SECURITIES AND EXCHANGE COMMISSION,
    444 S. Flower Street, Suite 900, Los Angeles, California 90071
    Telephone No. (323) 965-3998; Facsimile No. (213) 443 -1905.

On April 22, 2016, I caused to be served the document entitled **STIPULATION TO PRELIMINARY INJUNCTION, ORDER APPOINTING PERMANENT RECEIVER AND FREEZING ASSETS, AND RELATED ORDERS AGAINST DEFENDANTS PLCMGMT LLC, dba PROMETHEUS LAW, JAMES A. CATIPAY** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

    I declare under penalty of perjury that the foregoing is true and correct.

Date: April 22, 2016        */s/ Julian Cha*
                                       Julian Cha

**SEC v. PLCMGMT LLC dba Prometheus Law, et al.**
United States District Court—Central District of California
Case No. 2:16-cv-02594-TJH-FFM
LA-4552

**SERVICE LIST**

Timothy F. Umbreit **(served via CM/ECF only)**
4701 Cartwright Ave
Toluca Lake, CA 91602
*Attorney for Defendants PLCMGMT LLC and James A. Catipay*

Thomas K. Emmitt **(served via Electronic mail only)**
Law Office of Thomas Emmitt
24328 Vermont Ave., Ste. 300
Harbor City, CA 90710
Email: TKEmmitt@yahoo.com
*Attorney for Defendants PLCMGMT LLC and James A. Catipay*

Scott Vick **(served via CM/ECF only)**
Vick Law Group
800 West 6th Street, Suite 1220
Los Angeles, CA 90017
*Attorney for Defendant David A. Aldrich*