AMY JANE LONGO Cal. Bar No. 198304
Email:  longoa@sec.gov
DAVID M. ROSEN Cal. Bar No. _150880
Email: rosend@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
John W. Berry, Regional Trial Counsel
444 South Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.  2:16-cv-02594-TJH-FFMx |
| Plaintiff, | [JS-6] |
| vs. | |
| PLCMGMT LLC, dba PROMETHEUS LAW, JAMES A. CATIPAY, and DAVID A. ALDRICH, | |
| Defendants. | |

### JUDGMENT AS TO DEFENDANT JAMES A. CATIPAY

The Securities and Exchange Commission having filed a Complaint and Defendant James A. Catipay ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and

1

waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).


III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or

communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant be and hereby is permanently restrained and enjoined from, directly or indirectly, unless the Defendant is registered with the SEC in accordance with Section 15(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78o(b), and in the absence of any applicable exemption, acting as a broker and/or a dealer in the United States or otherwise making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security, including "binary options" (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills), in the United States, in violation of Section 15(a) of the Securities Exchange Act, 15 U.S.C. § 78o(a).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

1  binds any of the following who receive actual notice of this Final Judgment by
2  personal service or otherwise:  (a) Defendant's officers, agents, servants, employees,
3  and attorneys; and (b) other persons in active concert or participation with Defendant
4  or with anyone described in (a).

5                                         V.

6          IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
7  Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon,
8  and a civil penalty pursuant to Section 20(d) of the Securities Act (15 U.S.C.
9  § 77t(d)) and Section 21(d)(3) of the Exchange Act (15 U.S.C. § 78u(d)(3)).  The
10 Court shall determine the amounts of the disgorgement and civil penalty upon motion
11 of the Commission.  Prejudgment interest shall be calculated from
12 November 1, 2013, based on the rate of interest used by the Internal Revenue Service
13 for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In
14 connection with the Commission's motion for disgorgement and/or civil penalties,
15 and at any hearing held on such a motion: (a) Defendant will be precluded from
16 arguing that he did not violate the federal securities laws as alleged in the Complaint;
17 (b) Defendant may not challenge the validity of the Consent or this Final Judgment;
18 (c) solely for the purposes of such motion, the allegations of the Complaint shall be
19 accepted as and deemed true by the Court; and (d) the Court may determine the issues
20 raised in the motion on the basis of affidavits, declarations, excerpts of sworn
21 deposition or investigative testimony, and documentary evidence, without regard to
22 the standards for summary judgment contained in Rule 56(c) of the Federal Rules of
23 Civil Procedure.  In connection with the Commission's motion for disgorgement
24 and/or civil penalties, the parties may take discovery, including discovery from
25 appropriate non-parties.
26
27
28

                                         5

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  May 27, 2016

_____

Hon. Terry J. Hatter, Jr.

UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28